# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL LASHAWN RICHIE, | Case No. CV 18-8517 FMO (PJWx) |
| Plaintiff, | |
| v. | **ORDER** |
| LOS ANGELES METROPOLITAN TRANSPORTATION AUTHORITY, | |
| Defendant. | |

Having reviewed and considered all the briefing filed with respect to Los Angeles Metropolitan Transportation Authority's ("Metro" or "defendant") Motion to Dismiss (Dkt. 22, "Motion"), the court finds that oral argument is not necessary to resolve the motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and orders as follows.

A party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant defendant's Motion and dismiss pro se plaintiff's First Amended

Complaint (Dkt. 10, "FAC") with leave to amend. In preparing the Second Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in defendant's Motion. For example, the court questions whether the FAC contains facts sufficient to support a prima facie case of discrimination, particularly facts alleging that plaintiff "was performing according to her employer's legitimate expectations[,]" and that there was a "nexus" between the alleged discriminatory conduct and subsequent employment decisions. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see Vasquez v. Cty. of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2003).

Further, the court is skeptical that plaintiff has sufficiently alleged facts to support her claim of retaliation, as it appears there may be insufficient facts in the FAC to demonstrate a "causal link . . . between the protected activity and the adverse employment action[.]" Porter v. Cal. Dep't of Corrs., 419 F.3d 885, 894 (9th Cir. 2005).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss **(Document No. 22)** is **granted**.

2. Plaintiff's First Amended Complaint (Dkt. 10) is **dismissed with leave to amend**.

3. If plaintiff still wishes to pursue this action, she is granted until **May 3, 2019**, to file a second amended complaint attempting to cure the deficiencies set forth above as well as the other alleged defects outlined in defendant's Motion.

4. The second amended complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 18-8517 FMO (PJWx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make her Second Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5. Plaintiff is cautioned that failure to timely file a Second Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendant shall file its Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **May 17, 2019**.

Dated this 24th day of April, 2019.

/s/
Fernando M. Olguin
United States District Judge